AO 106 (Rev. 04/010) Application for Search Warrant AUTHORIZED AND APPROVED/DATE: JTS 4/22/26

# UNITED STATES DISTRICT COURT

for the

WESTERN DISTRICT OF OKLAHOMA

FILED APR 22 2026 JOAN KANE, CLERK U.S. DIST. COURT, WESTERN DIST. OKLA BY ___ DEPUTY

In the Matter of the Search of

a White Apple iPhone currently located at the FBI Oklahoma City at 3301 W Memorial Rd, Oklahoma City, OK 73134

Case No: M-26- 226-ALM

## APPLICATION FOR SEARCH WARRANT

I, a federal law enforcement officer or attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following property *(identify the person or describe property to be searched and give its location)*:

See Attachment A

Located in the Western District of Oklahoma, there is now concealed (*identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim.P.41(c) is(*check one or more*):

- ☒ evidence of the crime;
- ☒ contraband, fruits of crime, or other items illegally possessed;
- ☒ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 2252A(a)(5)(B) | Possession of and/or Accessing with Intent to View Child Pornography |

The application is based on these facts:

See attached Affidavit of Special Agent James Wren, Federal Bureau of Investigation, which is incorporated by reference herein.

☒ Continued on the attached sheet(s).

☐ Delayed notice of [No. of Days] days *(give exact ending date if more than 30 days)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet(s).

*Applicant's signature*

James Wren
Special Agent
Federal Bureau of Investigation

Sworn to before me and signed in my presence.

Date: 4/22/26

Amanda L Maxfield
*Judge's signature*

City and State: Oklahoma City, Oklahoma

AMANDA L. MAXFIELD, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF SEARCH WARRANT**

I, James Wren, Special Agent with the Federal Bureau of Investigation ("FBI"), Oklahoma City, Oklahoma, being duly sworn, depose and state as follows:

1. I have been employed as a Special Agent of the FBI since July of 2019 and have been assigned to the Washington Field Office, Oklahoma City Field Office Woodward Resident Agency, and the Lawton Resident Agency. During that time, I have conducted a wide variety of investigations, including cases involving child pornography and sexual exploitation of children.

2. As a Special Agent, I am authorized to investigate violations of the laws of the United States and to execute warrants issued under the authority of the United States.

3. The information contained in this Affidavit is based upon my personal knowledge and observation, my training and experience, conversations with other law enforcement officers and witnesses, and review of documents and records. This Affidavit is made in support of an application for a warrant to search a white iPhone (the "**SUBJECT PHONE**"), which is presently at the Oklahoma City FBI Field Office Evidence Room, within the Western District of Oklahoma.[1] As set forth below, there is probable cause to believe that the **SUBJECT PHONE** contains instrumentalities, fruits, and evidence of violations of 18 U.S.C. § 2252A(a)(5)(B) (Possession of and/or Accessing with Intent to View Child Pornography).

4. This investigation, described more fully below, has revealed that Jose Saul

[1] To my knowledge, this device was not manufactured within the state of Oklahoma.

Garcia Gomez ("SUBJECT") possessed and/or accessed with intent to view child pornography, and there is probable cause to believe that evidence, fruits, and instrumentalities of his violations are located on the **SUBJECT PHONE**.

5. Since this Affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me regarding this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to support the issuance of a search warrant.

## BACKGROUND OF INVESTIGATION

6. On Sunday, September 21, 2025, SUBJECT was arrested in Jackson County, Oklahoma, by the Jackson County Sheriff's Office for the trafficking of a controlled dangerous substance. The **SUBJECT PHONE** was seized from the SUBJECT's person. On Monday, September 22, 2025, Agent Kade Redden of the District III Drug and Violent Crimes Task Force, an Oklahoma State task force, was assigned an investigation involving SUBJECT. Agent Kade Redden obtained a state search warrant for a forensic exam to be conducted on the **SUBJECT PHONE** and any associated SIM cards or SD cards, for the recovery of any evidence related to the trafficking of a controlled dangerous substance contained on the **SUBJECT PHONE**. Pursuant to the warrant, on November 18, 2025, Agent Redden received the **SUBJECT PHONE** and the related extraction from the Oklahoma State Bureau of Investigation (OSBI).

7. While examining the data, Agent Redden observed a video of an adult male engaging in sexually explicit conduct with a minor female. The video was located in the hidden files section of the **SUBJECT PHONE**'s photo application. After SUBJECT's

arrest and the seizure of the **SUBJECT PHONE**, Agent Redden listened to jail calls between SUBJECT and another male. In the calls, SUBJECT told the male to access his iCloud account and delete data.

## CHARACTERISTICS COMMON TO INDIVIDUALS WITH INTENT TO VIEW, POSSESS, COLLECT, RECEIVE, OR DISTRIBUTE CHILD PORNOGRAPHY

8. Based on my previous investigative experience related to child pornography investigations, and the training and experience of other law enforcement officers with whom I have had discussions, I know there are certain characteristics common to individuals with the intent to view and/or possess, collect, receive, or distribute images of child pornography:

a. Individuals with intent to view and/or possess, collect, receive, or distribute child pornography may receive sexual gratification, stimulation, and satisfaction from contact with children; or from fantasies they may have viewing children engaged in sexual activity or in sexually suggestive poses, such as in person, in photographs, or other visual media; or from literature describing such activity.

b. Individuals with intent to view and/or possess, collect, receive, or distribute child pornography may collect sexually explicit or suggestive materials, in a variety of media, including photographs, magazines, motion pictures, videotapes, books, slides, and/or drawings or other visual media. Individuals who have a sexual interest in children or images of children often use these materials for their sexual arousal and gratification. Further, they may use these materials to lower the inhibitions of children they are attempting to seduce, to arouse the selected child partner, or to demonstrate the desired

sexual acts.

c. Individuals who have a sexual interest in children or images of children typically retain photos, films, photographs, negatives, magazines, correspondence, books, tape recordings, mailing lists, child erotica, and videotapes for many years.

d. Likewise, individuals with the intent to view and/or possess, collect, receive, or distribute pornography often maintain their collections that are in a digital or electronic format in a secure and private environment, such as a computer and surrounding area. These collections are often maintained for several years and are kept close by, usually at the collector's residence or inside the collector's vehicle, to enable the individual to view the collection, which is valued highly.

e. Individuals with intent to view and/or possess, collect, receive, or distribute child pornography also may correspond with and/or meet others to share information and materials; rarely destroy correspondence from other child pornography distributors/collectors; conceal such correspondence as they do their sexually explicit material; and often maintain lists of names, addresses, and telephone numbers of individuals with whom they have been in contact and who share the same interest in child pornography.

f. Individuals who would know how to access online forums, such as bulletin boards, newsgroups, Internet relay chat, or chat rooms are considered more advanced users and therefore more experienced in acquiring and storing a collection of child pornography images.

g. Individuals with intent to view and/or possess, collect, receive, or

distribute child pornography prefer not to be without their child pornography for any prolonged period and often repeatedly view child pornography. This behavior has been documented by law enforcement officers involved in the investigation of child pornography throughout the world.

## BACKGROUND ON DIGITAL MEDIA STORAGE DEVICES AND CHILD PORNOGRAPHY

9. Computers (as defined in 18 U.S.C. § 1030(e)(1)) have the ability to store images in digital form, making the computer itself an ideal repository for child pornography. The size of the electronic storage media (commonly referred to as the hard drive) used in home computers has grown tremendously within the last several years. These drives can store thousands of images at very high resolution. Other digital media storage devices (e.g., compact disks, digital video disks, floppy disks, cell phones, iPhones, thumb drives, video gaming stations, etc.) can also store tremendous amounts of digital information, including digital video and picture files.

10. As is the case with most digital technology, communications by way of computer can be saved or stored on the computer. Storing this information can be intentional, i.e., by saving an email as a file on the computer or saving the location of one's favorite websites in, for example, "bookmarked" files. Digital information can also be retained unintentionally, e.g., traces of the path of an electronic communication may be automatically stored in many places (e.g., temporary files or ISP client software, among others). In addition to electronic communications, a computer user's Internet activities generally leave traces or "footprints" in the web cache and history files of the browser used.

Such information is often maintained indefinitely until overwritten by other data. Further, even if deleted, forensic examination can sometimes recover files and data including deleted picture files.

11. Computers and other digital file storage devices can store the equivalent of thousands of pages of digital information. Especially when the user wants to conceal criminal evidence, he or she often stores it in random order with deceptive file names. This requires the searching authorities to examine all the stored data to determine whether it is included in the warrant. This sorting process can take days or weeks depending on the volume of the data stored, and it would be generally impossible to accomplish this kind of data search on site. Furthermore, I know that smart cell phones (a type of "computer," as broadly defined in 18 U.S.C. § 1030(e)) can typically "synch" with a traditional desktop or laptop computer. The purpose of synching a smart phone to a traditional computer is to back up data that is stored on the phone so that it is not permanently lost if the portable smart phone is lost or damaged. Also, smart phone users may move files off the smart phone and onto a computer to free up storage space on the smart phone. Similarly, computer (e.g., desktop computers, smart phones, etc.) users may move files off of one computer onto another computer or digital file storage devices such as a thumb drive, a DVD, or an external hard drive to free up space on the computer.

## SEARCHING COMPUTERS

12. Searching computers, including smart phones like the **SUBJECT PHONE**, for criminal evidence is a highly technical process requiring skill and a properly controlled environment. The search of a computer or computer system is an exacting scientific

procedure designed to protect the integrity of the evidence and to recover hidden, erased, compressed, password-protected, or encrypted files. Since computer evidence is vulnerable to tampering or destruction, the controlled atmosphere of a laboratory is essential to complete this task. The FBI, Oklahoma City Division ("OCD"), has such a laboratory staffed with certified computer forensic examiners. The **SUBJECT PHONE** will be taken to the FBI OCD lab for analysis. Identical copies of the original storage media will be produced by the assigned forensic examiner so as to maintain the integrity of the original evidence.

**CONCLUSION**

12. Based on the above information, there is probable cause to believe that 18 U.S.C. § 2252A(a)(5)(B) has been violated, and that evidence, fruits, and instrumentalities of these offenses are located on the **SUBJECT PHONE**.

13. Based upon the foregoing, I respectfully request that this Court issue a search warrant for the **SUBJECT PHONE**, described in Attachment A, authorizing the seizure of the items described in Attachment B to this Affidavit.

14. Because the requested warrant is for the search of a device already within FBI's possession, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

James Wren
Special Agent
Federal Bureau of Investigation

SUBSCRIBED AND SWORN to before me this 22nd day of April, 2026.

AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

## DESCRIPTION OF THE SUBJECT PHONE TO BE SEARCHED

1. White iPhone

The **SUBJECT PHONE** is presently located at the Oklahoma City FBI Field Office Evidence Room and is depicted below:



**ATTACHMENT B**

**LIST OF ITEMS TO BE SEIZED**

Evidence of violations of 18 U.S.C. § 2252A(a)(5)(B), including:

1. Any and all computer software, including programs to run operating systems, applications (such as word processing, graphics, or spreadsheet programs), utilities, compilers, interpreters, and communications programs.

2. Any and all notes, documents, records, or correspondence, in any format and medium (including, but not limited to, e-mail messages, chat logs, and electronic messages) pertaining to the possession of or accessing with the intent to view child pornography as defined in 18 U.S.C. § 2256(8) or to the possession or accessing with the intent to view of visual depictions of minors engaged in sexually explicit conduct as defined in 18 U.S.C. § 2256(2).

3. All images of child pornography as defined in 18 U.S.C. § 2256(8), and visual depictions of minors engaged in sexually explicit conduct as defined in 18 U.S.C. § 2256(2).

4. Any and all notes, documents, records, or correspondence identifying persons possessing or transmitting, through interstate or foreign commerce by any means, including, but not limited to, by computer, any child pornography as defined in 18 U.S.C. § 2256(8) or any visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2).

5. Any and all notes, documents, records, or correspondence (including, but not limited to, e-mail messages, chat logs and electronic messages, other digital data files and

web cache information) concerning the possession or accessing with the intent to view of child pornography as defined in 18 U.S.C. § 2256(8) or visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2).

6. Any and all notes, documents, records, or correspondence (including, but not limited to, e-mail messages, chat logs and electronic messages, and other digital data files) concerning communications between individuals about child pornography or the existence of sites on the Internet that contain child pornography or that cater to those with an interest in child pornography.

7. Any and all notes, documents, records, or correspondence (including, but not limited to, e-mail messages, chat logs and electronic messages, and other digital data files) concerning membership in online groups, clubs, or services that provide or make accessible child pornography to members.

8. Any and all records, documents, invoices and materials (including, but not limited to, e-mail messages, chat logs and electronic messages, and other digital data files) that concern online storage or other remote computer storage, including, but not limited to, software used to access such online storage or remote computer storage, user logs or archived data that show connection to such online storage or remote computer storage, and user logins and passwords for such online storage or remote computer storage.

9. Any and all visual depictions of minors engaging in sexually explicit conduct and any and all records indicating the identity of depicted minors engaging in sexually explicit conduct.

10. Any and all documents, records, or correspondence, in any format or medium

(including, but not limited to, e-mail messages, chat logs and electronic messages, and other digital data files), pertaining to the identity of the user of the **SUBJECT PHONE** described in Attachment A, including, but not limited to, rental or lease agreements, mortgage documents, rental or lease payments, utility and telephone bills, as well as any emails, usernames, documents, and chat conversations that aid in identifying the user.

11. Any and all notes and any other records reflecting personal contact and any other activities with minors visually depicted while engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2).

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, instrumentalities, contraband, and/or fruits described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts.